IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | *   CRIM. NO. JKB-07-149 |
| HARRY BURTON, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Defendant Harry Burton was sentenced to a period of sixty years' imprisonment and five years of supervised release after pleading guilty to one count of Conspiracy to Distribute and Possession with Intent to Distribute Cocaine Base, Cocaine, and Heroin and three counts of Possession of Firearms in Furtherance of a Murder in Aid of Racketeering. (ECF No. 171.) Pending before the Court is Burton's Motion for Appointment of Counsel (ECF No. 201) and Motion for Compassionate Release (ECF No. 202) in light of the COVID-19 Pandemic. For the reasons set forth below, both Motions are DENIED.

First, Burton moved this Court to appoint counsel to represent him in bringing his motion for compassionate release. (ECF No. 201.) Upon the Court's request, the Office of the Federal Public Defender reviewed Burton's Motion for Compassionate Release and declined to supplement Burton's motion or ask for appointment of counsel in this matter. (*See* ECF No. 205.) The Court finds that appointment of counsel would not affect the resolution of this motion, and as a result, denies Burton's motion (ECF No. 201).

Burton also moved for compassionate release on December 1, 2020. (ECF No. 202.) Motions for compassionate release are governed pursuant to 18 U.S.C. § 3582(c)(1)(A). Under

1

this section, a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and the court has "consider[ed] the factors set forth in section 3553(a) to the extent that they are applicable." *Id.* A defendant may move for compassionate release under § 3582(c)(1)(A) only after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* Burton filed an administrative request with the warden of his institution, which was denied on July 1, 2020. (*See* ECF No. 205-1.) Therefore, the Court must determine: (1) whether Burton has provided evidence establishing the existence of "extraordinary and compelling reasons" for his release; and (2) if so, whether compassionate release is consistent with the factors set forth in 18 U.S.C. § 3553(a).

### A. *Extraordinary and Compelling Reasons*

Under 28 U.S.C. § 994(t), the U.S. Sentencing Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." The Commission has stated that "extraordinary and compelling reasons" exist where: (1) a defendant has a terminal or serious medical condition; (2) a defendant with deteriorating health is at least 65 years old and has served ten years or 75% of his term of imprisonment; (3) certain family circumstances arise in which a defendant must serve as a caregiver for minor children or a partner; or (4) the Bureau of Prisons ("BOP") determines other circumstances create "extraordinary and compelling reasons" for sentence reduction. *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(D).

This mandate and policy statement, however, predate the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), which "remove[d] the Bureau of Prisons from

2

its former role as a gatekeeper over compassionate release motions." *United States v. McCoy*, 981 F.3d 271, 276 (4th Cir. 2020) (internal quotation marks and citation omitted). Accordingly, the Fourth Circuit has affirmed that "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (emphasis in original) (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)). This Court has held, for instance, that "medical conditions which make a defendant uniquely susceptible to complications from COVID-19 create 'extraordinary and compelling reasons' to grant compassionate release pursuant to § 3582(c)(1)(A)." *United States v. Richardson*, Crim. No. JKB-09-0288, 2020 WL 3267989, at *2 (D. Md. June 17, 2020); *see also United States v. Lewin*, Crim. No. SAG-15-198, 2020 WL 3469516, at *3 (D. Md. June 25, 2020) (A defendant can establish extraordinary and compelling reasons by demonstrating that he "(1) has a condition that compellingly elevates his risk of becoming seriously ill, or dying, from COVID-19, and (2) is more likely to contract COVID-19 in his particular institution than if released.").

The Court finds that Burton's heightened vulnerability to COVID-19 qualifies as an extraordinary and compelling reason for his compassionate release. Burton identified three medical conditions that heighten his risk for severe illness from COVID-19: (1) a venous stasis ulcer, (2) type 2 diabetes, and (3) hypertension. (ECF No. 202 at 2–3; ECF No. 202-1 at 1, 3.) The Centers for Disease Control have found that type 2 diabetes does increase a person's risk—and hypertension might increase a person's risk—of experiencing a serious case of COVID-19. *See People with Certain Medical Conditions*, Ctrs. for Disease Control and Prevention, http://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed Jan. 25, 2021). Further, the Court notes with concern that at United States Penitentiary ("USP") Allenwood, where Burton is currently incarcerated, twenty staff

3

members have tested positive for the virus and have not yet recovered. *See* COVID-19 Cases, BUREAU OF PRISONS, http://www.bop.gov/coronavirus/ (last accessed Jan. 25, 2021). Thus far, USP Allenwood has unfortunately lost one inmate to COVID-19. *Id.*

### B. *Section 3553(a) Factors*

Having determined that Burton has presented "extraordinary and compelling reasons" supporting compassionate release, the Court now considers whether the § 3553(a) factors support Burton's release. Section 3553(a) states that courts shall consider a variety of factors when imposing a sentence, including: "(1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants." *United States v. Bryant*, Crim. No. CCB-95-202-3, 2020 WL 2085471, at *4 (D. Md. Apr. 30, 2020).

The Court finds that the length of Burton's incarceration, relative to the seriousness of his offenses, weighs heavily against a reduction of his sentence. Burton pled guilty to three counts of Possession of Firearms in Furtherance of a Murder in violation of 18 U.S.C. § 924(j), an undoubtedly serious offense. (ECF No. 171.) Additionally, Burton has served only a little more than twelve years, amounting to about a quarter of his sixty-year sentence.

The Court acknowledges the very real danger posed by the COVID-19 pandemic and Burton's legitimate concerns about his health and living situation. Although Burton's type 2 diabetes and hypertension constitute extraordinary and compelling reasons for judicial relief, the Court finds that a reduction in his sentence is inappropriate upon consideration of the § 3553(a)

4

factors. The existing sentence promotes respect for the law, deters crime, and protects the public. Such a sentence is "sufficient, but not greater than necessary" to comply with the purposes of incarceration. 18 U.S.C. § 3553(a). Accordingly, Burton's Motion for Appointment of Counsel (ECF No. 201) and Motion for Compassionate Release (ECF No. 202) are both DENIED.

DATED this 25 day of January, 2021.

BY THE COURT:

/s/ James K. Bredar

James K. Bredar
Chief Judge